IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BENNIE C. COX,** | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 04-00025-BH-B |
| **JERRY FERRELL,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Bennie C. Cox, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 8 (b)(1). The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dept. Of Corrections, 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration of the pleadings, records, briefs and exhibits, it is recommended that Petitioner's habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Bennie C. Cox on all claims.

### I. PROCEDURAL HISTORY

Petitioner Bennie C. Cox was convicted on November 7, 2000 by a jury in the Baldwin County Circuit Court of eight counts of

first-degree sexual abuse and one count of second-degree sexual abuse. (Ex. 1, Case Action Summary Sheet).  On January 10, 2001, the trial court sentenced Cox to eight consecutive, ten-year terms of imprisonment on each of the first-degree sexual abuse convictions, and a concurrent one-year term of imprisonment on the conviction for second-degree sexual abuse. (Ex. 1, p. 398-404). Cox filed an appeal in the Alabama Court of Criminal Appeals, which affirmed his convictions on June 15, 2001. (Ex. 4).  He did not file an application for certiorari review with the Alabama Supreme Court.  The Alabama Court of Criminal Appeals entered a certificate of judgment on July 3, 2001. (Ex. 5).

    Cox filed a Rule 32 petition in the Baldwin County Circuit Court on June 27, 2002. (Ex. 6, p. 28).[1]  Following a hearing, the trial court denied the Rule 32 petition, and Cox appealed.  On October 17, 2003, the Alabama Court of Criminal Appeals affirmed the trial court's decision and denied Cox's request for rehearing. (Ex. 9).  The Alabama Supreme Court denied Cox's application for certiorari review, and issued a certificate of judgment on February 13, 2004. (Ex. 12).

    Cox filed the instant petition for habeas corpus relief on March 15, 2004. (Doc. 6, p. 12) In his petition, Cox  alleges that:

---

[1] In his petition, Cox alleges that the indictment against him was void because it contained both felony and misdemeanor counts, and that the ensuing trial on the charges contained in the indictment contravened his due process rights.  Cox further alleges that both his trial counsel and appellate counsel provided ineffective assistance of counsel throughout the proceedings against him. (Ex. 6, p. 19)

2

1) trial counsel provided ineffective assistance of counsel when he failed to object to Cox's criminal trial proceeding under a defective indictment; 2) appellate counsel was ineffective for his failure to file a motion for new trial based on the need to examine trial counsel's ineffectiveness and the jurisdiction of the trial court; and 3) the various state court decisions against him contradict established federal law.

Respondent's Answer to Cox's habeas petition (Doc. 12) contains the defense that Cox is not entitled to habeas corpus review because his petition is barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his habeas petition within one year of the date on which his conviction becomes final by "conclusion of direct review, or the expiration of the time for seeking such review". A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed such a petition. Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002).

In the case sub judice, the one-year statute of limitations for the filing of a federal petition for habeas corpus relief commenced on June 29, 2001, the date on which Cox's convictions became final by the conclusion of direct review.[2]  Thus, absent tolling, Cox was required to file his federal habeas petition no later than July 1, 2002.  Cox, however, did not file his habeas petition until March 15, 2004, nearly two years after expiration of the one-year limitations period.  Accordingly, unless Cox can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition must be dismissed as untimely.

§2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. *See* In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  A state court filing initiated after the federal habeas deadline, however, does not revive the deadline. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.)*Id*.

Cox's Rule 32 petition, filed on June 27, 2002, tolled the limitations period.  At the time the Rule 32 petition was filed,

---

[2]Because Cox was entitled to, but did not seek, review of his conviction in the Alabama Supreme Court following the Alabama Court of Criminal Appeals' June 15, 2001, dismissal of his direct appeal, his conviction became final on June 29, 2001, when the 14-day period for seeking review in Alabama Supreme Court expired. *See* Pugh v. Smith, 465 F.3d 1295 (11th Cir. 2006); Rule 39(b) of the Alabama Rules of Appellate Procedure; Robinson v. Holt, 2006 U.S. Lexis 38829 (M.D. Ala. 2006).

363 days had elapsed within the limitations period.  Accordingly, upon the dismissal of Petitioner's Rule 32 petition on February 13, 2004, only 2 days remained within the AEDPA limitations period. Notwithstanding, Cox did not file his habeas petition until more than 30 days later, on March 15, 2004.  As a result, his federal habeas petition was untimely filed.

Before recommending dismissal of Cox's habeas petition as untimely, the undersigned must determine whether he has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general

rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Cox has not claimed, nor has he presented any evidence which demonstrates that he is entitled to an equitable tolling of the AEDPA's one-year limitations period for habeas petitions.  Where Respondent has asserted the defense of statute of limitations and Cox has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred.  Accordingly, the undersigned finds that because Cox has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be entered in favor of Respondent Jerry Ferrell.  It is so recommended.

**DONE** this **26th** day of **February 2007.**

                                    **S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **DONE** this **26th** day of **February 2007**.

                                           **s/ SONJA F. BIVINS**
                                           **UNITED STATES MAGISTRATE JUDGE**