```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

**BENNIE C. COX**                   :

    **Petitioner,**               :

v.                                  :       CIVIL ACTION NO. 04-0025-BH-B

**JERRY FERRELL,**                  :

    **Respondent.**              :


### REPORT AND RECOMMENDATION

Petitioner, Bennie C. Cox, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Cox challenges the validity of his 2001 convictions in the Circuit Court of Baldwin County, Alabama, on eight counts of first degree sexual abuse and one count of second degree sexual abuse, for which he was sentenced to eighty years in prison. (Doc. 6 at 3).

This matter is now before the undersigned Magistrate Judge on Cox's petition, Respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted on the issues.[1] See

---

[1] Because Cox filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent

28 U.S.C. § 2254(e)(2).

## **FINDINGS OF FACT**

On direct appeal, the Alabama Court of Criminal Appeals found the facts of this case to be as follows:[2]

---

to which they are required." Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004). The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> **(A)** the claim relies on–
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Cox has failed to establish that an evidentiary hearing is warranted in this case.

[2]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id.

> The appellant, Bennie Carlton Cox, Jr., was convicted of eight counts of sexual abuse in the first-degree, a violation of § 13A-6-66(a)(3), Ala. Code 1975, and one count of sexual abuse in the second degree, a violation of § 13A-6-67(a)(2), Ala. Code 1975. On January 19, 2001, Cox was sentenced to 10 years in the penitentiary for each conviction of first-degree sexual abuse, to be served consecutively, and to one year for his conviction of second-degree sexual abuse, to be served concurrently with the other sentences. Cox was fined $1000 on each conviction, ordered to pay a $1000 assessment to the Alabama Crime Victim's Compensation Fund, and $1000 in restitution to the Care House to cover the cost of counseling sessions for the child victims. He was also ordered to pay court costs. This appeal followed.
>
> Testimony at trial revealed that Cox had sexually abused at least five different children, ranging in age from 6 to 15 years old. All five girls testified that they had been sexually abused by Cox. Nikki Formualt, a child therapist from the Baldwin County Care House Child Advocacy Center, testified that her examinations revealed symptoms of children who had been sexually abused. Dr. John Franklin Shriner, a pediatrician who specializes in child sexual abuses, testified that the girls had physical signs of sexual abuse. On March 3, 2000, Cox was arrested on 14 counts of sexual abuse in the first-degree, one count of first-degree sodomy, two counts of sexual abuse in the second-degree, and three counts of contributing to the delinquency of a minor.

(Doc. 12, Ex. 4 at 1-2).

On August 3, 2000, Cox entered a plea of not guilty to the charges against him, and his jury trial commenced on November 6,

---

(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

3

2000, in the Circuit Court of Baldwin County, Alabama.  (Doc. 12, Ex. 1, Vol. I at C.R. 2).  Cox was represented at trial and sentencing by attorney Vincent Bellucci.  (Id. at C.R. 1).  As set forth above, on November 7, 2000, a jury found Cox guilty of eight counts of sexual abuse in the first degree and one count of sexual abuse in the second degree, and he was sentenced on January 10, 2001, to eighty years in the penitentiary. (Id. at C.R. 1-11; Doc. 12, Ex. 1, Vol. III at 398-405).

On January 10, 2001, Cox filed an oral notice of appeal to the Alabama Court of Criminal Appeals.  (Doc. 12, Ex. 1, Vol. I at C.R. 3).  Attorney Leonard Mikul represented Cox on appeal.  (Doc. 6 at 13).  On June 15, 2001, the Alabama Court of Criminal Appeals affirmed Cox's conviction and sentence by memorandum opinion. (Doc. 12, Ex. 4).  Cox did not file an application for rehearing with the Alabama Court of Criminal Appeals or a petition for a writ of certiorari with the Alabama Supreme Court.  (Doc. 12, Ex. 5). On July 3, 2001, the Alabama Court of Criminal Appeals issued a certificate of judgment.  (Id.).

On July 2, 2002, Cox filed a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 12, Ex. 6 at C.R. 1).  Cox was represented in his Rule 32 proceedings by attorney Harry Smith.  (Id.).  On June 3, 2003, after an evidentiary hearing, the trial court denied Cox's Rule 32 petition, and he filed an appeal to the Alabama Court of

Criminal Appeals. (Doc. 12, Ex. 6 at C.R. 2). Cox was represented on appeal by attorney J. Russell Pigott, who filed an <u>Anders</u> brief to the Alabama Court of Criminal Appeals. (Doc. 12, Ex. 7). On October 17, 2003, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the judgment of the trial court denying Cox's Rule 32 petition for post-conviction relief. (Doc. 12, Ex. 9). Cox filed a petition for a writ of certiorari with the Alabama Supreme Court, which was denied on February 13, 2004. (Doc. 12, Ex.12).

On January 12, 2004, Cox filed the instant petition for a writ of habeas corpus. (Doc. 1). On March 23, 2004, he filed an amended petition, setting forth three claims in support of his request for habeas relief. (Doc. 6 at 16). The Court will consider each of those claims in turn.

## DISCUSSION

Respondent states in his answer that Cox exhausted his habeas claims in the state courts. (Doc. 12 at 3). For the reasons set forth below, the Court finds that Cox is not entitled to habeas relief on the basis of any of his claims.

A.  <u>AEDPA's Standard of Review</u>.

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003). As noted above, § 2254 was amended by

5

AEDPA, which was effective April 24, 1996, and applies to all petitions filed after its effective date. Id. Since Cox filed this petition on January 12, 2004, AEDPA applies to this case.

28 U.S.C. § 2254(d) provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."

> A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2)

6

> if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. See Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).
>     A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 120 S. Ct. at 1520.  In addition, a state court decision involves an unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.

Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  Moreover, as noted above, the Act, as amended, presumes as correct all determinations of factual issues made by a state court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).

    **B.**    **Review of Claims.**

Having established the proper standard of review, the Court turns to Petitioner's claims.

        1.    Ineffective Assistance of Counsel: Habeas Claims 1 and 2.

Cox argues in his habeas petition that he is entitled to

7

relief under § 2254 based on ineffective assistance of *trial* counsel in failing to object to the trial court's lack of jurisdiction over three misdemeanor charges of contributing to the delinquency of a minor and in failing to object to the admission of evidence related to the same.  Cox further argues that his *appellate* counsel was ineffective in failing to properly preserve and raise the issue of the trial court's lack of jurisdiction over, and erroneous admission of evidence related to, the three misdemeanor counts and trial counsel's ineffectiveness related to the same.  (Doc. 6 at 16). According to Cox, the three misdemeanor counts of contributing to the delinquency of a minor were within the exclusive jurisdiction of the juvenile court and could not be tried in the circuit court.  Although the misdemeanor counts were dismissed before the case went to the jury, Cox argues that the jury improperly heard evidence related to those charges.  (Id. at 15).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner bears the burden of establishing by a preponderance of the evidence that his appellate counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668 (1984).  The elements to be considered are as follows:

8

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. Thus, Cox must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corrs., 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." House v. Balkcom, 725 F.2d 608, 615 (11th Cir. 1984). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. Messer v. Kemp, 760 F.2d 1080, 1088 (11th Cir.

9

1985).  A federal court must apply a "heavy measure of deference to counsel's judgments."  Singleton v. Thigpen, 847 F.2d 668, 670 (11th Cir. 1988) (quoting Strickland, 446 U.S. at 691).

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (quoting White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992)).

Cox raised these ineffective assistance of counsel claims in the state court in his Rule 32 petition, and, after an evidentiary hearing, the trial court denied relief on the merits of the claims, made the following notations on the docket sheet:

> No testimony or evidence presented by the [Defendant], only argument on the claims of ineffective assistance of trial and appellate counsel.  Based on the record the Court denies the [Defendant's] Rule 32 motion on grounds of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

(Doc. 12, Ex. 6 at C.R. 2).  On appeal, the Alabama Court of Criminal Appeals further held:

> Counsel has filed a no-merit brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Counsel states that,

10

> after having reviewed the entire record, he
> can find no issue to support a meritorious
> appeal.  Cox did not file any pro se issues.
> We have reviewed the record of the Rule 32
> proceedings, and we have found no error
> warranting reversal.  Accordingly, we affirm
> the trial court's judgment.

(Doc. 12, Ex. 9 at 1-2).

Having reviewed the record in this matter, the Court agrees with the Alabama state courts that Cox has failed to show that his trial or appellate counsel's representation was ineffective as alleged.  The record shows that Cox was charged with three misdemeanor counts alleging that he had contributed to the delinquency of a minor, Brandy Price, by allowing her to drink alcoholic beverages and smoke marijuana at his home and by photographing her in sexually suggestive poses.  (Doc. 12, Ex. 1, Vol. 1 at R.T. 21-22).  At trial, Miss Price testified that, when she was a teenager, Cox bought her and her friends alcohol and marijuana.  However, she denied that photographs of her in a bathing suit were taken by Cox.  (Doc. 12, Ex. 1, Vol. 2 at R.T. 171-88).

Assuming, without deciding, that the trial court did not have jurisdiction over the misdemeanor counts involving Brandy Price and that this evidence was inadmissible, Cox has failed to show that he was prejudiced by trial or appellate counsel's performance related

11

to the evidence.  Other evidence presented at trial established that Cox sexually abused five children, all girls, ages five,[3] seven (two children), twelve, and fifteen.  (Doc. 12, Ex. 1, Vol. 1 at R.T. 69, 88, 117-18, 151; Vol. 2 at R.T. 197, 252, 335-36; Vol. 3 at R.T. 369-373, 381-82).  The victims were the children of relatives and friends of Cox, and the abuse generally took place when the children were spending the night with Cox and his wife in their home or when Cox and his wife were staying overnight in the victims' homes.  Many of the children testified to being awakened from sleep by Cox who then sexually abused them.  (Doc. 12, Ex. 1, Vol. 1 at R.T. 75, 92, 127-28).  Other times, according to the testimony, Cox would take them into the bedroom, sometimes with other children, and sexually abuse them.  (Doc. 12, Ex. 1, Vol. 1 at R.T. 123-29; Vol. 2 at R.T. 160, 203-05).  The jury returned verdicts against Cox for first degree sexual abuse of four of the children and second degree sexual abuse of the other child after each child gave damning evidence against him.

In order to establish a claim of ineffective assistance of counsel under <u>Strickland</u>, Petitioner must show that his counsel's performance was deficient and that he was actually prejudiced by

---

[3] It appears from the record that one victim was six years old at the time of trial, but only five years old at the time of the abuse.  (Doc. 12, Ex. 1, Vol. 2 at R.T. 252).

the inadequate performance. Assuming, *arguendo*, that the evidence related to Brandy Price and the misdemeanor counts was inadmissible and that trial and appellate[4] counsel were deficient in their performance related to that evidence, Cox has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Indeed, there is nothing in the record to suggest that, had counsel been successful in excluding evidence related to the misdemeanor counts of contributing to the delinquency of a minor, Cox would not have been found guilty of sexual abuse of the other five children. Therefore, Cox's claims of ineffective assistance of counsel, as alleged in habeas claims 1 and 2, fail as a matter of law.

Accordingly, with respect to habeas claims 1 and 2, Cox has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law set forth in Supreme Court case law

---

[4] Cox also argues that his appellate counsel should have filed a motion for a new trial in order to preserve the ineffective assistance of trial counsel issue for direct appeal. The record shows, however, that Cox's appellate counsel was not appointed until after the expiration of the thirty-day time period for filing a motion for new trial. (Doc. 12, Ex. 1, Vol. 1 at C.R. 3). Therefore, appellate counsel could not have filed a motion for a new trial on this or any other claim.

13

or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts.  Likewise, Cox has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case.  To the contrary, the decision of the Alabama Court of Criminal Appeals regarding Cox's ineffective assistance of counsel claim is completely consistent with the principles outlined in Strickland.  Thus, Cox has not established that he is entitled to relief under § 2254(d)(1).

In addition, Cox has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court must presume as correct the determinations of all factual issues made by the state court.  28 U.S.C. § 2254(e).  Cox has not rebutted that presumption of correctness by clear and convincing evidence.

Accordingly, Cox is not entitled to habeas relief on the basis of claims 1 and 2, and those claims are, therefore, due to be denied.

      2.    <u>Evidence Related to Misdemeanor Counts: Habeas Claim 3</u>.

As discussed above in relation to habeas claims 1 and 2, Cox argues in habeas claim 3 that he is entitled to relief under § 2254 on the ground that the trial court erroneously allowed evidence related to the misdemeanor counts of contributing to the delinquency of a minor, over which, Cox argues, the trial court did not have jurisdiction.  Whether the trial court had jurisdiction over the misdemeanor counts and erred in allowing evidence related to those counts involves the interpretation and application of state law by the state courts.  In reviewing an evidentiary determination of a state trial court, the federal court will "not sit as a 'super' state supreme court."  <u>Shaw v. Boney</u>, 695 F.2d 528, 530 (11th Cir. 1983) (citations omitted).  In <u>Shaw</u>, the Eleventh Circuit explained:

> Unlike a state appellate court, we are not free to grant the petitioner relief simply because we believe the trial judge has erred. The scope of our review is severely restricted.  Indeed, the general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence. [Citations omitted].  A state evidentiary violation in and of itself does not support habeas corpus relief. [Citations omitted].  Before such relief may be granted, the violation must rise to the level of a denial of "fundamental fairness." [Citations omitted].

> In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was "material in the sense of a crucial, critical, highly significant factor." [Citations omitted]. Moreover, application of this standard has been notably one-sided, consistent with the reluctance of federal courts to second-guess state evidentiary rulings. This court has established a well-documented resistance to granting relief when a habeas petition alleges a federal claim based merely on a state evidentiary ruling.

Id. Thus, habeas claim 3 is to be reviewed only to determine whether the alleged error "render[ed] the entire trial fundamentally unfair." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).

Assuming, without deciding, that the trial court did not have jurisdiction under state law to decide the misdemeanor counts of contributing to the delinquency of a minor and assuming that the evidence related to those counts was not otherwise admissible, the record simply does not support a finding that the admission of evidence related to the misdemeanor counts prejudiced the outcome of Cox's trial and deprived him of fundamental fairness. As the Court found in relation to habeas claims 1 and 2, the record fully supports the jury's verdicts against Cox. Any error by the trial court in admitting evidence related to the charges of contributing to the delinquency of a minor was not "material in the sense of a crucial, critical, highly significant factor" in the trial, and it

16

did not "render the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.  Therefore, Cox's habeas claim 3 fails to state a cognizable federal habeas claim and is due to be denied.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Cox's rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **5th** day of **May, 2008.**

_____

  **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.